PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. VÍCTOR A. CARBONELL, Defendant and Appellant.

No. 2842.   Decided May 17, 1927.

*R. Rivera Zayas, Manuel A. Martínez* and *Pedro Baigés* for the appellant. *José E. Figueras* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The writer agreed with the judgment of this court on the main proposition discussed principally on the ground that section 302 of the Code of Criminal Procedure fully covered the first assignment of error. The section is as follows:

"The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict can not be used or referred to either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the information."

Furthermore, as the defendant was only convicted of manslaughter, I think that under the total facts of this particular case any possible error was harmless.

The writer, however, fully agreed with the disposition made of other assignments of error. They were as follows:

2. That the court erred in admitting certain evidence which will be reproduced in this brief in the course of the discussion of this error, and that was completely prejudicial to the defendant.

3. The court erred in denying certain instructions requested by the defendant and which are set forth on pages 19 and 20 of the record transferred to this Honorable Supreme Court.

This was a totally inadequate assignment of errors. When evidence is unduly admitted the assignment of error in this regard should as briefly as possible permit this court on inspection to know the nature of the error supposed to have been committed. For instance, in this case it would perhaps have sufficed to say that the court in admitting evidence to prove the motives of the defendant erroneously permitted the government to enter into details and incidentally to bring before the jury too extensively matters relating to the expulsion of the defendant from a club and thus affecting the standing of the said defendant before the jury. This would have been one assignment of error, but, under the assignment as actually presented, counsel would not only have us consider the foregoing admission of evidence, single in its nature, but also another alleged error in allowing evidence to be presented in regard to the actions taken by another person, namely, Dr. Ramírez. This alleged error with regard to Dr. Ramírez should have been separately assigned.

As applicable to these propositions are the following cases of this court: *Barreiro* v. *Porto Rico Railway, Light & Power Co.*, 35 P.R.R. 74; *Silva* v. *Carbonell*, 35 P.R.R. 224; *People* v. *Vega*, 35 P.R.R. 106. In *People* v. *Foster* (Cal. App.), 192 Pac. 142, the court held that assignments complaining of courts' rulings as to certain evidence without specifying particular rulings or pointing out wherein any rulings were erroneous, can not be reviewed. That this is the

general law, citations from 17 C. J., pp. 183 and 181, paragraphs 3484 and 3475, will be sufficient:

"3484. In order to secure a review of rulings on the admission or rejection of evidence, the particular error or errors relied on must be specifically pointed out. Speaking more specifically, the assignment of errors must point out the particular evidence, the admission or rejection of which is claimed to be erroneous, or such evidence must be set out in the assignment. If the assignment relates to the exclusion of evidence, it must show to what the witness was expected to testify; that the evidence was material and relevant, and otherwise proper to be admitted; the ruling of the court on the offer to introduce the evidence; and that it was informed of the nature of the evidence at the time of the ruling. If the assignment of error relates to the admission of evidence, it should set forth the question or offer, the objections made, and the rulings of the court thereon. Under some statutes error in the admission of evidence will not be reviewed unless reference is made to that part of the record which shows its admission."

"3475. It not being the duty of the court to search for errors not definitely pointed out, the assignment of errors should point out definitely and specifically the errors relied on, and if it is too general or uncertain, the court ordinarily will refuse to consider it. Notwithstanding assignments of error are defective the court in its discretion nevertheless may consider them. In a capital case, especially, the rule may be relaxed and the record examined where the prosecution does not urge the insufficiency of the assignment."

We have not been and do not intend to be quite as strict as other courts, but some compliance with rules of certainty and specification there must be. In *People* v. *Llabrés*, 29 P. R.R. 701, we said:

"We can not be expected to search the record to aid a defendant fully represented by counsel, especially when we are convinced by the whole record that justice was done."

Despite this jurisprudence, new counsel for defendant, instead of appealing to a supposed grave injustice committed against appellant, insisted that error had been assigned.

Let us consider the supposed errors along with the justice of this case. The objected evidence, rather than anything

else, tended to prove deliberation and premeditation on the part of the defendant in shooting Captain Martínez. And of these factors the verdict of the jury acquitted the defendant. In 30 C. J. 440, it is said:

"Accused is not prejudiced by, and is not entitled to reversal on the ground of, errors relating solely to a higher degree of homicide than that of which he was convicted, or on account of trivial and unsubstantial errors where the evidence is sufficient to support a verdict for a higher offense than that of which he was found guilty."

And further, on page 441:

"A verdict of manslaughter is sometimes held to cure and render harmless error in the admission of particular testimony, as it may show that the evidence erroneously admitted manifestly had no weight with the jury, and that the jury found in favor of accused on the issue to which the evidence related."

Even if the admitted evidence had had some other tendency, we still find no prejudice and no real error. In so far as the motion for reconsideration is not a general sort of appeal to this court to consider as error the admission of any evidence that tended to show the relations of the defendant with anybody else than the deceased, the burden of it is that the court erred in admitting in its entirety the act of expulsion of the defendant from the Casino of Cabo Rojo. We find no possible error in the admission of the whole act of expulsion. This act (acta), in the formulation of which the deceased had a part, unquestionably had a tendency to enrage defendant. Before this act was presented the government had unsuccessfully tried to prove the expulsion without presenting the act and the defendant had insisted that the act was the best proof, and we are agreed. It was on this theory that the said act was admitted by the court. Counsel might have forestalled the introduction of the whole document by offering to admit the fact of expulsion. Instead of this, counsel objected that the offered document was entirely incompetent.

The general rule to be deduced from the jurisprudence is that when a document is offered in evidence and admitted, it is in for all purposes. Nevertheless a part of it may be offered within the discretion of the court and perhaps the better practice in certain cases is for a party to offer it only for a limited purpose. In doubtful cases the court has a wide discretion. Wharton's Criminal Evidence, Tenth Edition, par. 521; *Waller* v. *State,* 102 Ga. 684, 28 S. E. 284; Wigmore on Evidence, par. 2102; 16 C. J. 858, (supported by *Hauser* v. *People,* 210 Ill. 253, 71 N. E. 416; *State* v. *Williams,* 76 S. C. 135, 56 S. E. 783; *State* v. *Zamofski* (N. J.), 105 A. 71); Law of Evidence, section 23.

The court admitted it, as we have intimated, under the theory that it was the best way of proving the expulsion and, as we understand it, for that purpose alone. Nor is it shown as a fact that the whole document was read to the jury.

Given the attitude of the court, we shall not assume that anything was stressed to the jury or amplified from the document except the fact of the expulsion. At least when the jury was addressed, supposing the document to contain extraneous matter, counsel by motion, objection or otherwise could have protected his client.

Neither in the original brief nor in the motion for reconsideration is there any real specification of the matter contained in the act of expulsion that tended to blacken the character of the defendant, other than the fact of expulsion itself.

From the document itself it appears that the defendant was expelled because of improper conduct in the ball room to a lady. The lady was not named in the document, but the latter was material and relevant, as it was shown otherwise that the lady was the wife of the deceased and that the latter quarreled with the defendant on this account

Before the *fiscal* offered the evidence and while he was making his opening statement the court was entirely right in holding that it could not judge of the materiality, relevancy

or competency thereof to show motive. The *fiscal*, after objection, was warned by the judge not to go too much into detail, and we find no prejudicial reference to detail in the remarks of the *fiscal* made thereafter.

We find no error in the admission of the threats by the defendant against Dr. Ramírez or the part that the latter played in the casino at the time of the expulsion. The relations of the defendant with the members of the casino were intertwined or connected up with the enragement that he felt against all who had taken an active part in his expulsion and, as the *fiscal* explained, had a bearing on the question of deliberation and premeditation.

We notice the reference in the motion for reconsideration to a lack of due process of law. The undue admission of evidence would hardly raise a federal question and we have the idea that any such question would be frivolous. Furthermore, it is probably too late to raise a constitutional question by motion for reconsideration in the appellate court. If we are right in overruling the first assignment of error, then all this evidence was properly admissible to show deliberation and premeditation, of which defendant was actually acquitted. So that the whole case would turn on the solution of the first assignment of error. This was the only one that was properly assigned or emphasized at the hearing.

Even supposing that there may have been some slight error or supposed prejudice, we find no injustice. The whole record convinces us to the contrary. We have in this opinion gone more fully into the case than perhaps we should because it seems wise sometimes to indicate why so frequently motions for reconsideration are overruled without opinions.

In the absence of due assignments of error, not being convinced of error or prejudice and convinced of the justice of the verdict and judgment, we feel we were entirely justified in saying in our original opinion that the other questions sought to be raised did not demand serious consideration.